# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRED SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-16-1135-HE |
| | ) | |
| JAMES DRAWBRIDGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this § 1983 action alleging violations of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Charles B. Goodwin for initial proceedings. Plaintiff has filed a motion for injunctive relief and a petition for emergency injunction and defendants have filed a motion to dismiss. Defendants responded to plaintiff's motions but plaintiff did not respond to defendants' motion.

Judge Goodwin has issued a Report and Recommendation (the "Report") recommending that plaintiff's motions be denied and defendants' motion be granted in part and denied in part. Plaintiff has objected to the Report, which triggers *de novo* review by this court of proposed findings or recommendations to which objection has been made. *Id.* Defendants have not objected to the Report, thereby waiving their rights to appellate review of the factual and legal issues it addressed. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010); *see also* 28 U.S.C. § 636(b)(1)(C).

Plaintiff objects arguing that "the doctrine of res judicata/collateral estoppel bars the magistrate judge from giving any defendants" either Eleventh Amendment or qualified immunity.[1] Doc. #47. He claims that defendants "waived any immunity defense and there is no evidence that they want to raise that issue." *Id.* Plaintiff also argues that it is "well-settled law, [whether] money damages is sought or not, <u>none</u> of the defendants have <u>any</u> immunity." *Id.* (emphasis in original).

After reviewing the Report's immunity recommendations *de novo*, the court substantially agrees with the magistrate judge's immunity recommendations. Defendants' motion to dismiss raises defenses of Eleventh Amendment immunity on behalf of the Oklahoma Department of Corrections ("ODOC") and the individual defendants in their official capacity. The motion also raises a qualified immunity defense as to all defendants. The court agrees with the magistrate judge that plaintiff's claims against the ODOC and the individual defendants in their official capacities for money damages under both § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") are barred by the Eleventh Amendment. The court also agrees that plaintiff's § 1983 Free Exercise claim should be dismissed against defendants Curry and Reed because they are entitled to qualified immunity in that their conduct did not violate clearly established statutory or constitutional rights.

---

[1] *Because plaintiff appears* pro se, *his pleadings are construed liberally, but "the court cannot take on the responsibility of serving as the litigant's attorney in construing arguments and searching the record."* <u>Garrett v. Selby Conner Maddux & Janer</u>, *425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).*

To the extent that the Report recommends dismissing plaintiff's claims on grounds other than immunity, plaintiff has not raised any objections and therefore has waived his rights to appellate review of those factual and legal issues. Casanova, 595 F.3d at 1123; *see also* 28 U.S.C. § 636(b)(1)(C).

Plaintiff's objection also requests the court hold a due process hearing on the Report which the court construes as a motion for a hearing. The court denies the motion, as a hearing is unnecessary to resolve the objections raised by plaintiff.

Plaintiff has also filed a motion for appointment of counsel, claiming he is disabled as defined by the Americans with Disabilities Act ("ADA") and that he therefore qualifies for appointment of counsel in the interest of justice and fair play. Doc. # 48. In determining whether an appointment of counsel for a prisoner proceeding *in forma pauperis* is warranted, the court considers "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004) (citation omitted). Despite his lack of legal training, plaintiff has filed his complaint alleging seven claims, four motions, and an objection to the Report in this action. At this stage of the proceedings, the court will deny the motion to appoint counsel.

The court notes that the Report recommends that claims under Title II of the ADA cannot be brought against defendants in their individual capacities. The law is not clear in that respect, and in at least one case, the Tenth Circuit has noted that it has declined to "reach the question of whether persons can be sued in their individual capacities under the ADA." Nielsen v. Moroni Feed Co., 162 F.3d 604, 607 n.5 (10th Cir. 1998) (citing Land

3

v. Midwest Office Tech., Inc., 979 F. Supp. 1344, 1348 (D. Kan. 1997) (collecting cases). As the magistrate judge notes, "most courts have held that Title II claims cannot be maintained against individual capacities." Lewis v. N.M. Dept. of Health, 94 F. Supp. 2d 1217, 1230 (D.N.M. 2000) (collecting cases); *see also*, Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("Title II of the ADA [does not] provide[] for individual capacity suits against state officials." (collecting cases)).

Regardless, plaintiff's ADA claims against the individual defendants Curry and Schmidt do not state a claim upon which relief may be granted. "To state a claim under Title II, the plaintiff must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." Robertson v. Las Animas County Sheriff's Dept., 500 F.3d 1185, 1193 (10th Cir. 2007). Plaintiff alleges he is "obviously disable[ed]" and "use[s] a walker." Doc. #1, p. 10. Defendant Schmidt is alleged to have violated the ADA because he "threatened Plaintiff several times regarding having to stand in line and entering the chow hall with others" which somehow "caused [plaintiff] to miss about 250 meals during late 2015 and in 2016, or get a write-up from Lt. Schmidt." Doc. #1, p. 10; *see also*, *Id.*, p. 20. Defendant Curry is alleged to have violated the ADA "due to her involvement in not allowing the disabled Plaintiff to enter the chow hall through the rear door like handicapped inmates in wheelchairs" and "have an orderly bring him his food tray." *Id.*, pp. 21-22.

4

Neither claim plausibly alleges that plaintiff was excluded from participation in or denied the benefits of services.[2]

Accordingly, the Report and Recommendation [Doc. # 46] is **ADOPTED**. Plaintiff's Motion for Injunctive Relief [Doc. # 13], Petition for Emergency Injunction [Doc. # 25], and Petition for Appointment of Counsel [Doc. #48] are **DENIED**. Defendants' Motion to Dismiss [Doc. #44] is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted with respect to plaintiff's RLUIPA claim; all §1983 claims to the extent they are raised against the ODOC and the individual defendants in their official capacities for money damages; all claims for declaratory and prospective injunctive relief; the Eighth Amendment claim; the Access to Courts claim; the Due Process claim; the Retaliation Claim; the ADA claim against defendants Schmidt and Curry; and the Free Exercise claims against defendants Bryant, Knutson, Curry, and Reed. The motion is denied as to plaintiff's ADA claim against the ODOC and the Free Exercise claim against defendant Drawbridge in his individual capacity. Because this order does not dismiss all claims in this action, the case remains assigned to Judge Goodwin for further proceedings.

---

[2] *In contrast, plaintiff's claims against the ODOC allege that, despite his disability, "he was assigned to an upstairs bunk in housing unit 2, which has stairs outside when entering" and "not moved to a downstairs bunk until 2 ½ months later, after he had fallen coming down the stairs and injured himself." Doc. #1, p. 21. He further alleges that "the bathroom and shower is not properly handicapped accessible." Id., p. 22. These allegations are sufficient to state a claim against the ODOC.*

**IT IS SO ORDERED**.

Dated this 23rd day of October, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE