# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED SMITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) NO. CIV-16-1135-HE ) |
| JAMES DRAWBRIDGE, *et al.*, | ) ) |
| Defendants. | ) |

## ORDER

Plaintiff Fred Smith, a state prisoner appearing *pro se*, filed this civil rights action alleging violations of federal law. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Charles B. Goodwin for initial proceedings. After ordering defendants to produce a special report, Judge Goodwin issued a Report and Recommendation recommending that all but two of plaintiff's claims be dismissed. The court adopted the report. Defendants subsequently filed a motion for summary judgment as to the remaining claims. Judge Goodwin has issued a second Report and Recommendation (the "Report"), recommending that defendants' motion be granted. Plaintiff has objected to the Report, which triggers *de novo* review of proposed findings or recommendations to which objection has been made. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010); *see also* 28 U.S.C. § 636(b)(1)(C).

Plaintiff's first objection argues that the principles of *res judicata* and collateral estoppel "overcome the Magistrates entire report and recommendation." Doc. #77, p. 1.[1] Plaintiff, however, never identifies what prior holding or ruling would apply to negate the Report's recommendations. Instead, plaintiff seems to argue that he has exhausted available administrative remedies, despite the Report's contrary conclusion. He contends through unsupported statements that prisoners and Oklahoma Department of Corrections officials would be available to testify at a hearing that grievance procedures are either disregarded or used to punish prisoners who attempt to utilize such procedures.

The Report presents an exhaustive description of the grievance procedures that were available to plaintiff, how and why those procedures were applied to plaintiff's many grievance filings, and how—with one exception—plaintiff failed to exhaust the administrative remedies regarding all his remaining claims. Nothing in plaintiff's objection rebuts the Report's clear explanation and application of the relevant law. Plaintiff failed to exhaust his Americans with Disabilities claims and all Free Exercise claims except the claim that defendant Drawbridge purposefully failed to arrange for plaintiff to receive a hot meal to break the Fast of Tammuz.

Plaintiff next argues that he cannot be held to the legal standards applied by Judge Goodwin and that counsel should be appointed to assist his case. "Factors to be considered in deciding whether to appoint counsel include the merits of the claims, the nature of the factual issues raised in the claims, the litigant's ability to present the claims, and the

---

[1] *References to filings with this court are to the CM/ECF document and page number.*

complexity of the legal issues raised by the claims." Spencer v. City of Cheyenne, 1 Fed. Appx. 863, 865 (10th Cir. 2001) (citing Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)). Plaintiff's complaint, objections to both Reports, and various other motions and filings with the court demonstrate his ability to present and defend his claims. Further, plaintiff has properly addressed the factual and legal issues presented. Plaintiff has failed to demonstrate that appointment of counsel was necessary in this action. Finally, the Report properly construed plaintiff's *pro se* pleadings liberally. While *pro se* pleadings must be construed liberally, however, "the court cannot take on the responsibility of serving as the litigant's attorney in construing arguments and searching the record." Garrett v. Selby Conner Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted)). The Report applied the proper standard when evaluating plaintiff's filings.

Plaintiff's final two objections are that defendant Drawbridge is not entitled to qualified immunity and that plaintiff "must be given an opportunity to present mitigating evidence to disprove [the] Magistrate's Report." Doc. # 77, p. 1. However, plaintiff fails to support his qualified immunity assertion with any evidentiary support. And plaintiff appears to ignore that his objection is actually an opportunity to present evidence contrary to the Report. To the extent that plaintiff is arguing that he must be granted an evidentiary hearing, the court concludes that an evidentiary hearing is unnecessary based on the filings in this action. *See* Anderson v. Att'y Gen. of Kansas, 425 F.3d 853, 859 (10th Cir. 2005) ("[A]n evidentiary hearing is unnecessary of the claim can be resolved on the record.").

3

Accordingly, after *de novo* review, the Report and Recommendation [Doc. # 76] is **ADOPTED**. Defendants' Motion for Summary Judgment [Doc. #65] is **GRANTED** and plaintiff's pending motions [Doc. Nos. 70, 71, 72, and 73] are **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of June, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE